## Kilmartin *v.* Kilmartin, Appellant.

*Divorce—Desertion—Residence—Jurisdiction.*

A decree of divorce in favor of a husband against a wife for desertion will be sustained where the evidence shows that the parties formerly lived in New York state, that eight years prior to the proceedings the husband had moved to Philadelphia for the reason that the factory in which he worked had been removed to that city, that he continuously resided in Pennsylvania thereafter, where he had regularly voted and earned his livelihood by continuous labor, that the actual desertion had occurred prior to the change of residence, that the wife claimed a settlement in Pennsylvania and invoked the aid of the quarter sessions, and that the desertion had been wilful and malicious and without probable cause.

Argued Dec. 9, 1901.    Appeal, No. 219, Oct. T., 1899, by defendant, from decree of C. P. No. 2, Phila. Co., Dec. T., 1898, No. 1, awarding divorce in case of Martin Kilmartin v. Addie Kilmartin.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Libel for divorce.
The opinion of the Superior Court states the case.

*Error assigned* was in awarding divorce.

*Thad. L. Vanderslice,* with him *W. H. Redheffer,* for appellant.

No paper-book filed or appearance entered for appellee.

OPINION BY ORLADY, J., April 21, 1902:

This libel in divorce was filed by the husband, who alleged a wilful and malicious desertion by the wife for eight years. After service of the subpœna and appearance, an answer and cross-libel were filed by the respondent in which her desertion was denied and the desertion of the husband was averred. At the instance of the wife, a rule for an allowance of counsel fees was made absolute and she secured further relief through an order for support and maintenance in proceedings in the court of quarter sessions of Philadelphia county. After an amended

libel was filed by the husband, a master was appointed before whom the parties appeared in support of their respective contentions. While only a small part of the record is printed by the appellant, we have examined the whole record as returned to this court and affirm the decree entered by the court below in granting the divorce a vinculo matrimonii on the libel of the husband. The jurisdiction of the court below was clearly established by the facts; the husband had continuously resided in this state since 1894, where he had regularly voted and earned his livelihood by continuous labor; the wife claimed her settlement to be here and invoked the aid of the quarter sessions.

The parties were married in the state of New York in 1878, and in 1890, after an admittedly turbulent married life, until the husband went to Philadelphia for the reason that the factory in which he worked was removed to that city. The actual desertion occurred prior to this change of residence, and the testimony taken is sufficiently clear to warrant the master and the court below in finding as a fact that the wife wilfully and maliciously deserted her husband without reasonable cause. The testimony of the libellant, which is corroborated by the son and daughter of the parties, establishes a sufficient state of domestic infelicity, due to the wife's violence and her subsequent abandonment of her home, to warrant the decree being entered.

The first assignment of error is not in accordance with rules of this court and cannot be considered. The remaining ones are overruled, as they relate to questions of fact which have been found by the court below on sufficient evidence.